# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:23-mj-00301 |
| v. ) | |
| ) | U.S. Magistrate Judge Steger |
| GREGORY LAMAR GILLESPIE, JR. ) | |

## MEMORANDUM AND ORDER

GREGORY LAMAR GILLESPIE, JR. ("Defendant") came before the Court for an initial appearance on October 16, 2023, in accordance with Rule 5 of the Federal Rules of Criminal Procedure on the Criminal Complaint supported by an Affidavit [Doc. 3] ("Complaint").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Clay Whittaker of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Complaint and the Affidavit, and had an opportunity to review those documents with his attorney. The Court determined that Defendant was able to read and understand the Complaint with the assistance of his counsel. In addition, AUSA Tammy Combs explained to Defendant the specific charges contained in the Complaint. Defendant acknowledged that he understood the charges in the Complaint.

The Government moved Defendant be detained pending disposition of the Complaint or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested the option of a preliminary hearing at a later date, and he also requested a detention hearing. The Court reserved the possibility of a preliminary hearing on October 30, 2023, subject to the caveat that Defendant will not be afforded the option of a preliminary hearing in the event Defendant is indicted on the charge in the Complaint prior to that date.

The undersigned conducted the detention hearing on October 19, 2023. Prior to the hearing, Defendant's counsel filed a Motion and Memorandum in Support of Bond [Doc. 10]. At the hearing, the Government relied upon the sworn allegations in the Complaint and Affidavit [Doc. 3] as well as the testimony of FBI Task Force Officer Matthew Hennessee and United States Probation Officer Jennifer LaFerry. Defendant relied upon Attorney Clay Whittaker's cross-examination of these witnesses and his proffer of evidence on behalf of Defendant. Both attorneys

were given an opportunity to argue their positions to the Court.

Based on the evidence presented at the detention hearing, the Court finds that:

- A carjacking victim, Leonard Jackson, identified Defendant as one of two black males who pointed a gun at him, ordered him to get face down on the ground, and demanded money. Defendant also threatened to shoot him in the leg.

- While Defendant was holding a gun on Mr. Jackson, his accomplice searched him and stole his cell phone, $1,100 in cash, and a gun that Mr. Jackson was carrying.

- Defendant then took Mr. Jackson's keys and fled in the victim's 2016 Nissan Altima.

- The robbery took place on September 5, 2022.

- Defendant's face was uncovered during the robbery and Mr. Jackson was able to see his face.

- On September 8, 2022, law enforcement conducted surveillance on a residence in Fort Oglethorpe, Georgia, where Defendant was known to reside. There were at that time several felony arrest warrants outstanding on Defendant. Law enforcement observed the vehicle stolen from Mr. Jackson at the residence.

- The victim, Leonard Jackson, picked Defendant out of a photo lineup, identifying him as one of the two men who had robbed him and stolen his car.

- When police attempted to arrest Defendant at the Fort Oglethorpe residence, he refused to comply and barricaded himself in a return air duct inside the residence, from which law enforcement had to extricate him.

- Beyond the vehicle, other items in connection with the robbery of Mr. Jackson were found at the residence, including a stolen 9mm handgun.

Defendant has at least the following prior felony convictions:

- Aggravated Burglary in Hamilton County Criminal Court—May 6, 2013.

- Robbery, Aggravated Assault, and Possession of a Firearm with Felony Conviction in Hamilton County Criminal Court—July 31, 2014. (Notably, in this case, Defendant robbed a man, Mr. Marlowe, at gunpoint, while he was mowing his yard. After robbing him, Defendant shot him through the torso with the bullet exiting his back.)

In addition, Defendant currently has a variety of state criminal charges pending against him in Hamilton County for evading arrest, carjacking, and a number of drug and gun charges. Again,

notably, on August 30, 2023, Defendant was charged with unlawful possession of a weapon, reckless endangerment and aggravated robbery, arising from an incident in which he threatened two women, Markita Parrish and Perla Flores, with a firearm, fired a round into the floor of their second floor apartment, and stole $250 from Ms. Flores.

The Court notes that Defendant also has a history of violations of probation, and that many of the crimes with which he is currently charged occurred while he was on probation.

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that Defendant must be detained pending further order of the Court because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and further, by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. Consequently, the Court **GRANTED** the motion to detain Defendant pending disposition of the Complaint or further order of this Court.

It is, therefore, **ORDERED** that:

1. Defendant's Motion in Support of Bond [Doc. 10] is **DENIED**.

2. Defendant shall be **DETAINED WITHOUT BAIL** pending disposition of the Complaint or further order of this Court.

3. The Court will offer Defendant the option of a preliminary hearing on **October 30, 2023, at 2:00 p.m.**, subject to the caveat that Defendant will not be offered the option of a preliminary hearing in the event Defendant is indicted on the charge in the Complaint prior to that date.

4. In the event Defendant is indicted by the Grand Jury prior to October 30, 2023, the Court will conduct an arraignment on such date at 2:00 p.m.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE